IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                          CRIMINAL NO. 1:02cr94WJG-4

REGINALD MERRITS,
 a/k/a Drexel Andrea Merrits

O R D E R

THIS MATTER is before the Court on the *pro se* motion [137] of Defendant, Reginald Merritts [Merritts], for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based upon recent amendments to the sentencing guidelines applicable to offenses involving cocaine base, and the subsequent decision by the United States Sentencing Commission to make this amendment retroactive, pursuant to United States Sentencing Guideline [USSG] § 1B1.10 effective November 1, 2011.

Defendant was sentenced in this cause on April 7, 2003, to 262 months in the custody of the Bureau of Prison, to be followed by a 5-year term of supervised release, and the mandatory special assessment of $100.00. (Ct. R., Docs. 92, 98.) Merritts was determined to be a career offender, pursuant to USSG § 4B1.1, and the applicable offense level was used for his sentencing. Amendment 706 does not provide relief to those defendants who are sentenced as career offenders under USSG § 4B1.1.

Because Merritts was not sentenced under the crack cocaine guideline range, and the Court calculated his guideline range pursuant to his career offender status, he is not entitled to a reduction in sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). Consequently, Merritts' guideline range cannot be lowered by the retroactive amendment. It is therefore,

ORDERED that Defendant's motion [137] for sentence reduction be, and is hereby, denied.

SO ORDERED, this the 1st day of May, 2012.

                                          *Walter J. Gex III*
                                  UNITED STATES SENIOR DISTRICT JUDGE